## L. H. POLK v. THE STATE.

CRIMINAL LAW.   *Removing mortgaged property.   Section 2909, Code of 1880, applied.   Case in judgment.*

P., having executed a deed of trust upon certain cotton in the county of Y., removed it from the gin in that county in the night time, carried it to a town in the same county, and on the following day sold it to a merchant there, who sold it to a cotton buyer, who, in the due course of business, shipped it out of the State.   P. failed to discharge or satisfy the deed of trust.   He was accused, tried and convicted under Section 2909, Code of 1880, which provides that any person who "shall move, or cause to be removed, from the county in which it may be, any personal property which may be the subject of a mortgage, and shall not immediately discharge such incumbrance, shall, upon conviction," be fined or imprisoned.   *Held,* that P. was not guilty of violating this statute; he did not remove, or directly cause to be removed, the cotton from the county where it was; and the removal not being the proximate result of his act, but only a remote consequence thereof, he is not chargeable therewith.

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

L. H. Polk was tried before a justice of the peace and convicted on a charge of causing to be removed certain cotton, encumbered by a deed of trust executed by him, from the county of its location, without the consent of the beneficiary in such deed, and without discharging such incumbrance. He appealed to the Circuit Court, and there he was again convicted; whereupon he appealed to this court.

It appears that Polk owned certain cotton, on which he had executed a deed of trust; that the cotton was grown in Yazoo County, and the deed of trust was executed there; that he removed the cotton from the gin in that county in the night time, carried it to Yazoo City in the same county, and on the following day sold it to one Powell, who, in the course of business, sold it to one Mizelle, a cotton-buyer for Eastern mills; who, in the due course of his business, shipped it out of the State. No settlement of the debt secured by the deed of trust was made by Polk.

*Calhoon & Green*, for the appellant.

The evidence is not at all clear that Polk had anything to do with the removal of the cotton from the State. The State put Polk on the stand, and he testified he had nothing to do with the removal of the cotton; and we submit the State *is bound by his testimony.*

*M. Green*, of counsel for the appellant, argued the case orally.

*T. M. Miller*, Attorney General for the State.

As to the removal beyond the county, I take it there can be no doubt about the proposition that when a person deliberately sets in motion the instrumentalities that produce a given result, then he is responsible for the result, just as if he had specially commanded it. So, when Polk sold the cotton to Powell, Powell sold it to Mizelle, and he shipped it beyond the State, it would be, in law, the act of the defendant. The agent may be innocent and the principal guilty. A gives a poisoned apple to B, intending to destroy B or C. B innocently gives it to a child, who is killed by eating it. A is guilty of the child's murder, whether such result was contemplated or not.

CAMPBELL, J., delivered the opinion of the Court.

A motion to quash or in arrest of judgment, if it had been made, would have been sustained, as no offence is charged. The offence created by § 2909 of the Code is removing property subject to an encumbrance or lien, as specified, from the county in which it may be, without immediately discharging. such encumbrance or lien. Removal or secreting, and failing promptly to discharge the claim on the property subject, together constitute the offence. And to constitute the offence of removal, it must be completed by the act of the party, or he must cause it to be done directly, and not remotely as a mere consequence of removing and selling in the county. Therefore, the sale of the cotton in the county, without more, did not constitute the offence, although subsequently, as an incident of trade, it was transported from the county. That was not the act of the defendant. It was not the proximate result of his act, which was completely ended with his sale. A new agency supervened, quite distinct from his act of removal. The sequence was broken and he was not guilty.

*Reversed and remanded.*